**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1482**

_____

SHAHZAD AKRAM; KINZA SHAHZAD,

             Petitioners,

        v.

LORETTA E. LYNCH, Attorney General,

             Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted:  November 17, 2016        Decided:  December 15, 2016

_____

Before KING, KEENAN, and HARRIS, Circuit Judges.

_____

Petition dismissed in part and denied in part by unpublished per
curiam opinion.

_____

Joshua A. Berman, BLAINE L. GILBERT & ASSOCIATES, PA, Baltimore,
Maryland, for Petitioners.  Benjamin C. Mizer, Principal Deputy
Assistant Attorney General, Erica B. Miles, Senior Litigation
Counsel, Enitan O. Otunla, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shahzad Akram ("Akram") and Kinza Shahzad ("Shahzad"), husband and wife, are natives and citizens of Pakistan. They petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons set forth below, we dismiss in part and deny in part the petition for review.

On administrative appeal, the Board agreed with the IJ that Akram's asylum application was untimely and that the Petitioners did not establish extraordinary circumstances that would excuse the late asylum application. The Board also agreed with the IJ that, even if the asylum application was timely, Akram failed to establish past persecution on account of a protected ground or that he has a well-founded fear of persecution.

Under 8 U.S.C. § 1158(a)(3) (2012), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or has established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Mulyani v. Holder, 771 F.3d 190, 196-97 (4th Cir. 2014); Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2012) provides that nothing in

2

§ 1252(a)(2)(B), (C), "or in any other provision of [the Immigration and Nationality Act] which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," we have held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a discretionary determination based on factual circumstances." Gomis, 571 F.3d at 358 (emphasis omitted); see Mulyani, 771 F.3d at 197. Accordingly, our "power to review an IJ's determination . . . survive[s] the limitation in § 1158(a)(3) only if the appeal present[s] a constitutional claim or question of law," Mulyani, 771 F.3d at 197, which the Petitioners failed to do here. Therefore, we are without jurisdiction to review that finding. Insofar as the Petitioners seek review of the denial of asylum, we dismiss the petition for review.

While we do not have jurisdiction to consider the denial of the untimely asylum application, we retain jurisdiction to consider the denial of withholding of removal, as this claim is not subject to the one-year time limitation.[*] See 8 C.F.R. § 1208.4(a) (2016).

_____

[*] The Petitioners did not appeal to the Board the denial of protection under the CAT and do not raise this issue in their brief. Thus, the issue is abandoned. See United States v. Al-
(Continued)

3

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (internal quotation marks omitted); see 8 U.S.C. § 1231(b)(3) (2012). An alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). "This is a more stringent standard than that for asylum. . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (citations omitted).

We afford "a high degree of deference" to a determination that an alien is not eligible for withholding of removal, and review administrative findings of fact under the substantial evidence standard. Gomis, 571 F.3d at 359. Under the substantial evidence test, affirmance is mandated "if the

---

Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (observing that contentions not raised in argument section of opening brief are abandoned).

4

evidence is not so compelling that no reasonable factfinder could agree with the [Board]'s factual conclusions." <u>Gandziami-Mickhou</u>, 445 F.3d at 354 (internal quotation marks omitted).

We conclude that substantial evidence supports the finding that the Petitioners failed to establish a nexus between the incidents of persecution or their fear of persecution and a protected ground and that the record does not compel a different result. Thus, we deny in part the petition for review.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u><br><u>AND DENIED IN PART</u>